IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA ELECTRICAL WORKERS PENSION TRUST FUND IBEW, <br><br> and <br><br> TRUSTEES OF THE IBEW LOCAL UNION 481 DEFINED CONTRIBUTION PLAN AND TRUST, <br><br> and <br><br> TRUSTEES OF THE IBEW LOCAL NO. 481 SUPPLEMENTAL UNEMPLOYMENT BENEFIT PLAN, <br><br> and <br><br> TRUSTEES OF THE ELECTRICAL WORKERS BENEFIT TRUST FUND, <br><br>         Plaintiffs, <br><br> -vs- <br><br> ENERGY SYSTEMS MAINTENANCE, LLC <br><br>         Defendant. | CASE NO. 1:19-cv-227 |

## COMPLAINT

1.      Plaintiffs are trustees of multiemployer benefit funds. Defendant is an employer that is obligated to make contributions to the funds based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the funds for the purpose of collecting contributions and other amounts due to the funds.

**JURISDICTION AND VENUE**

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to employee benefit funds. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds of which Plaintiffs are Trustees are administered within the jurisdiction of the U.S. District Court, Southern District of Indiana.

**THE PARTIES**

3. Plaintiffs Trustees of the Indiana Electrical Workers Pension Trust Fund IBEW ("Pension Fund") are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Pension Fund is an employee pension plan and a multiemployer plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The Pension Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Pension Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Pension Fund's principal place of business is located at 1828 N. Meridian Street, Ste. 103, Indianapolis, Indiana 46202.

4. Plaintiffs Trustees of the IBEW Local Union 481 Defined Contribution Plan and Trust ("DC Fund") are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29

U.S.C. § 186(c)(5), and administered through a Trust Agreement. The DC Fund is an employee pension plan and a multiemployer plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The DC Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the DC Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The DC Fund's principal place of business is located at 1828 N. Meridian Street, Ste. 103, Indianapolis, Indiana 46202.

5. Plaintiffs Trustees of the IBEW Local No. 481 Supplemental Unemployment Benefit Plan ("SUB Fund") are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The SUB Fund is a multiemployer supplemental unemployment benefit plan within the meaning of ERISA §§ 3(37), 29 U.S.C. § 1002(37). The SUB Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the SUB Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The SUB Fund's principal place of business is located at 1828 N. Meridian Street, Ste. 103, Indianapolis, Indiana 46202.

6. Plaintiffs Trustees of the Trustees of the Electrical Workers Benefit Trust Fund ("Benefit Fund") are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Benefit Fund is an employee welfare plan and a multiemployer plan within the meaning of ERISA §§ 3(1) and (37), 29 U.S.C. §§ 1002(1) and (37). The Benefit Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Benefit Fund's Board of Trustees is the "plan sponsor" as defined by

29 U.S.C. § 1002(16)(B)(iii). The Benefit Fund's principal place of business is located at 1828 N. Meridian Street, Ste. 103, Indianapolis, Indiana 46202.

7. Defendant Energy Systems Maintenance, LLC is an Indiana limited liability company with its principal place of business located at 2801 Fortune Circle East, Suite F, Indianapolis, IN 46241. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COUNT I
### (ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

8. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

9. At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more Collective Bargaining Agreement(s) ("CBA"). The terms of the CBA require Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees. A true and accurate copy of the relevant excerpts of the CBA is attached as **Exhibit A**. A true and accurate copy of Defendant's Letter of Assent to the CBA is attached as **Exhibit B**.

10. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce a written collection policy. True and accurate copies of the relevant excepts from the Funds' Trust Agreements are attached as **Exhibits C, D, E, and F**. A true and accurate copy of the Funds' Collection Policy is attached as **Exhibit G**.

11. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policy, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. Defendant must submit all monthly reports and contributions by the 15th day of the month following the month in which work was performed. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages and interest. Defendant is also liable for all attorney fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

12. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policy, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit.

13. Defendant has failed to pay the required contributions for July 2018 and all subsequent months. Upon information and belief, Defendant has also failed to pay the correct amount of contributions for various months beginning January 1, 2017.

14. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to ERISA § 502(a)(3) and (g)(2), 29 U.S.C. §1132(a)(3) and (g)(2).

## COUNT II
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions)

15. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

16. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. The terms of the CBA require Defendant to make contributions to the Funds, along with

contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees.

17. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce a written collection policy.

18. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policy, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. Defendant must submit all monthly reports and contributions by the 15th day of the month following the month in which work was performed. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages and interest. Defendant is also liable for all attorney fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

19. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policy, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit.

20. Defendant has failed to pay the required contributions for July 2018 and all subsequent months. Upon information and belief, Defendant has also failed to pay the correct amount of contributions for various months beginning January 1, 2017.

21. Defendant's actions are in violation of the CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### (ERISA Section 515, 29 U.S.C. Section 1145 - Failure to Pay Liquidated Damages)

22. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

23. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. The terms of the CBA require Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees.

24. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce a written collection policy.

25. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policy, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. Defendant must submit all monthly reports and contributions by the 15th day of the month following the month in which work was performed. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month until paid in full.

26. Defendant has failed to pay the required contributions for July 2018 and all subsequent months. Upon information and belief, Defendant has also failed to pay the correct amount of contributions for various months beginning January 1, 2017.

27. Because of Defendant's failure to make full and correct contribution payments for the period January 1, 2017, to the present, Defendant is liable for liquidated damages and interest on all such delinquent contribution amounts.

28. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

### COUNT IV
(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
(Failure to Pay Liquidated Damages)

29. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

30. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. The terms of the CBA require Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees.

31. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce a written collection policy.

32. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policy, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. Defendant must submit all monthly reports and contributions by the 15th day of the month following the month in which work was performed. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month until paid in full.

33. Defendant has failed to pay the required contributions for July 2018 and all subsequent months. Upon information and belief, Defendant has also failed to pay the correct amount of contributions for various months beginning January 1, 2017.

34. Because of Defendant's failure to make full and correct contribution payments for the period January 1, 2017, to the present, Defendant is liable for liquidated damages and interest on all such delinquent contribution amounts.

35. Defendant's actions are in violation of CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)—Order Compelling Payroll Audit

36. Plaintiffs reallege each averment set forth as if fully rewritten herein.

37. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. The CBA incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, authorize Plaintiffs to adopt and enforce a written collection policy.

38. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policy, Defendant may be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit.

39. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, liquidated damages and interest.

40. Defendant's refusal to submit to a payroll audit is in violation of the CBA, Trust Agreements, and Collection Policy, and therefore Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. An order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, liquidated damages, and interest;

B. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of January 2017 to the present, in an amount to be determined;

C. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions for the period January 2017 to the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

D. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

E. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

F.  An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

G.  An Order retaining jurisdiction over this cause pending compliance with all Orders; and

H.  Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

          Respectfully submitted,

          LEDBETTER PARISI LLC

          /s/ Paul E. Stoehr
          Paul E. Stoehr (OH #0096213)
          5078 Wooster Rd., Suite 400
          Cincinnati, OH 45226
          (937) 619-0900 (ph)
          (937) 619-0999 (fax)
          pstoehr@fringebenefitlaw.com
          *Attorneys for Plaintiffs*